1  ROCKARD J. DELGADILLO, City Attorney
   RICHARD M. BROWN, General Counsel,
2      Water and Power
   ANAT EHRLICH, Assistant City Attorney
3  JED M. SILVERSTROM (SBN 106600)
   111 North Hope Street, Room 340
4  Los Angeles, California 90012
   Telephone: (213) 367-2666
5  Facsimile:  (213) 367-4588

6  Attorneys for Defendants
   KARYN GRIME; RAYMOND PLATT;
7  AND CITY OF LOS ANGELES, Acting by
   and through the DEPARTMENT OF
8  WATER AND POWER

9

                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12

13  SARAH ROPER                    ) CASE NO. CV-07-0316 CAS (Ex)
                                   )
14                                 ) **STIPULATED PROTECTIVE ORDER**
          Plaintiff,               )
15                                 ) Hon. CHARLES F. EICK
                                   )
16        vs.                      ) Discovery Cut-Off: 2/22/08
                                   ) Pre-Trial Conference: 9/8/08
17                                 ) Trial Date: 9/23/08
    KEITH POMA, et al.             )
18                                 )
                                   )
19  _____ Defendants. _____)

20      Subject to approval of this Court, the parties hereby stipulate through their
21 counsel to the following protective order:
22      1. The parties hereto will be producing, pursuant to discovery, documents
23 deemed confidential under California state law, *i.e.*, employment information, and
24 medical and psychological information. Such documents shall hereinafter be referred
25 to as "Confidential Information". The parties agree that the following terms and
26 conditions of this Protective Order shall govern the use and disclosure of Confidential
27 Information and information derived therefrom:
28 //

1

**STIPULATED PROTECTIVE ORDER**

2. Under no circumstances shall Confidential Information be used in any proceeding other than the instant case or be disseminated, in any form, except by Court order; except that if the Court deems that other cases are related to this litigation, such Confidential Information may be used in such other related proceeding.

3. Disclosure of Confidential Information shall be limited to the personnel and/or classification of persons listed below:

(a) Counsel for any party to this action;

(b) Staff personnel employed by counsel for any party;

(c) The Court and its personnel, in connection with this litigation;

(d) Experts or consultants retained to work on this case by counsel for any party to this case; and

(e) Investigators retained by counsel for any party to this case.

4. Counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order. In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

5. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding, except for related cases, if any, subject to further order of this Court.

6. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the Court.

7. Nothing in this Protective Order is intended to prevent officials or employees of the parties, or other authorized individuals, from having access to Confidential Information to which they would have had access in the normal course of their duties.

2
STIPULATED PROTECTIVE ORDER

8. Documents containing Confidential Information to be considered in connection with motions and other filings shall be lodged separately from documents filed and, in accordance with Local Rule 79-5.1, be accompanied by a written application asking that any party, including the moving or filing party, be given the opportunity to request or oppose sealing the Confidential Information, in whole or in part. Any party may propose or oppose the sealing of all or part of such documents. Any motion, other filing, or lodging in such matters shall be electronically or personally served, as shall all responsive or reply documents, which service shall include both the documents related to sealing and filed documents related to the underlying motion or other filing. The court shall direct whether, and if so to what extent, documents containing Confidential Information shall be sealed.

SO STIPULATED:

DATED: Jan 23 2008       LAW OFFICES OF PATRICIA J. BARRY

                         By: PATRICIA J. BARRY

                         Attorneys for Plaintiff, SARAH ROPER


DATED: _____     ROCKARD J. DELGADILLO, City Attorney
                         RICHARD M. BROWN, General Counsel,
                              Water and Power
                         ANAT EHRLICH, Assistant City Attorney


                         By: JED M. SILVERSTROM

                         Attorneys for Defendants, KARYN GRIME;
                         RAYMOND PLATT; AND CITY OF LOS
                         ANGELES, Acting by and through the
                         DEPARTMENT OF WATER AND POWER

3

STIPULATED PROTECTIVE ORDER

8. Documents containing Confidential Information to be considered in connection with motions and other filings shall be lodged separately from documents filed and, in accordance with Local Rule 79-5.1, be accompanied by a written application asking that any party, including the moving or filing party, be given the opportunity to request or oppose sealing the Confidential Information, in whole or in part. Any party may propose or oppose the sealing of all or part of such documents. Any motion, other filing, or lodging in such matters shall be electronically or personally served, as shall all responsive or reply documents, which service shall include both the documents related to sealing and filed documents related to the underlying motion or other filing. The court shall direct whether, and if so to what extent, documents containing Confidential Information shall be sealed.

SO STIPULATED:

DATED: _____    LAW OFFICES OF PATRICIA J. BARRY


_____
By: PATRICIA J. BARRY

Attorneys for Plaintiff, SARAH ROPER


DATED: 1/25/08    ROCKARD J. DELGADILLO, City Attorney
RICHARD M. BROWN, General Counsel,
    Water and Power
ANAT EHRLICH, Assistant City Attorney

_____
By: JED M. SILVERSTROM

Attorneys for Defendants, KARYN GRIME; RAYMOND PLATT; AND CITY OF LOS ANGELES, Acting by and through the DEPARTMENT OF WATER AND POWER

3

STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | DATED: 1/25/08 | MANNING & MARDER, KASS, ELLROD, RAMIREZ LLP |
| 2 | | |
| 3 | | |
| 4 | | By: MILDRED K. O'LINN |
| 5 | | |
| 6 | | Attorneys for Defendant, KEITH POMA |
| 7 | | |
| 8 | DATED: _____ | GUTIERREZ, PRECIADO & HOUSE |
| 9 | | |
| 10 | | |
| 11 | | By: ANN D. WU |
| 12 | | Attorneys for Defendant, THOMAS AKE |
| 13 | APPROVED AND SO ORDERED: | |
| 14 | DATED: 1/29/08 | |
| 15 | | By: MAGISTRATE JUDGE CHARLES F. EICK |

4

STIPULATED PROTECTIVE ORDER

```
 1  DATED: _____        MANNING & MARDER, KASS, ELLROD,
 2                               RAMIREZ LLP
 3
 4                               _____
                                 By:  MILDRED K. O'LINN
 5
                                 Attorneys for Defendant, KEITH POMA
 6
 7
 8  DATED: 1/21/08               GUTIERREZ, PRECIADO & HOUSE
 9                               _____
10                               By:  ANN D. WU
11
                                 Attorneys for Defendant, THOMAS AKE
12
13  APPROVED AND SO ORDERED:
14  DATED: _____        _____
15                               By:  MAGISTRATE JUDGE CHARLES F. EICK
```

4

STIPULATED PROTECTIVE ORDER

# PROOF OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within entitled action; my business address is 111 North Hope Street, Suite 340, Los Angeles, California 90012-2694. On January 28, 2008, I served the within document:

## STIPULATED PROTECTIVE ORDER

   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

 X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Christy L. O'Donnell**
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
**15th Floor at 801 Tower**
**801 South Figueroa Street**
**Los Angeles, CA  90017**
**Attorneys for Defendant KEITH POMA**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2008, at Los Angeles, California.

            /S/ _____
            Yvette Furr