UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, JUDGE | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**     **(IN CHAMBERS): Plaintiff's Appeal and/or Motion for Review and Reconsideration of Pretrial, Nondispositive Ruling of Magistrate** (filed 06/02/08)

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Sarah Roper ("Roper" or "plaintiff") is employed by the City of Los Angeles Department of Water and Power (the "DWP" or the "City"). Second Am. Compl. ("SAC") ¶ 3. On January 11, 2007, plaintiff filed the instant action against defendants Keith Poma ("Poma"), Thomas Ake ("Ake"), Karyn Grime ("Grime"), Raymond Jerry Platt ("Platt"), the DWP, and Does 1-10 alleging claims against the individual defendants for violation of her rights under the First and Fourteenth Amendments to the United States Constitution and violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq., based on alleged sexual harassment and retaliation by Poma. The complaint also alleged claims against the DWP for violation of plaintiff's rights under the First Amendment to the United States Constitution; violation of the FEHA, based on alleged sexual harassment and retaliation by Poma; and Monell liability.

Pursuant to a joint stipulation, the Court dismissed plaintiff's claims against defendant Poma for violation of the First and Fourteenth Amendments to the United States Constitution. Docket No. 20. On October 25, 2007, the Court granted plaintiff leave to file a SAC. Docket No. 36.

The SAC filed on October 25, 2007, alleges claims for violation of plaintiff's rights under the First Amendment to the United States Constitution (against all defendants, except Poma); violation of plaintiff's rights under the Fourteenth Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

to the United States Constitution (against all defendants, except the DWP and Poma); violation of the FEHA based on sexual harassment by Poma and failure to prevent sexual harassment (against the DWP, Poma, and Does 7-10); and violation of the FEHA based on disability discrimination, failure to provide reasonable accommodation, and failure to engage in good faith, interactive process (against all defendants, except Poma). Plaintiff's claim for sexual harassment is predicated on allegations that defendant Poma sexually harassed plaintiff, and the City failed to prevent plaintiff from being sexually harassed by Poma.

On April 15, 2008, defendants Platt, Grime, and the DWP each separately moved for an order compelling plaintiff to respond to their first set of propounded interrogatories, and also for the imposition of monetary sanctions against plaintiff's counsel, Patricia J. Barry. On May 9, 2008, Magistrate Judge Charles F. Eick held a hearing on defendants' motions. In three orders, each dated May 9, 2008, the magistrate judge ordered plaintiff to serve supplemental answers to the enumerated interrogatories, subject to defendants obtaining leave of this Court to extend the discovery cut-off date, which had already passed.[1] The magistrate judge also sanctioned attorney Barry for failure to comply with L.R 37-1, which requires parties to meet and confer prior to filing any discovery-related motion.[2] Specifically, the magistrate judge found that Barry's failure to comply with L.R. 37 "was, at a minimum, 'grossly negligent,' within the meaning of Local Rule 83-7(a)." See May 9, 2008 Orders (Docket Nos. 107-109).

---

[1] Pursuant to this Court's scheduling order dated August 27, 2007, the fact discovery cut-off date was February 22, 2008.

[2] Local Rule 37-1 provides that

> Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.

An attorney's failure to meet and confer may result in sanctions against the attorney pursuant to Local Rule 37-4, which states: "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." See also Fed. R. Civ. P. 37(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

On May 1, 2008, plaintiff moved for an order prohibiting defendants from conducting further discovery on the alleged ground that defense counsel had abused the judicial process, protracted this litigation, and asked inappropriate questions during Roper's deposition. Plaintiff also requested monetary sanctions against attorneys Jed Silverstrom in the amount of $25,000, Christy O'Donnell in the amount of $17,000, and Ann Wu in the amount of $8,000. On May 5, 2008, the magistrate judge denied plaintiffs' motion, finding that

> To the extent the Motion seeks removal from the calendar of [the above-described] three motions scheduled for hearing on May 9, 2009, the Motion is denied with prejudice. The Motion is otherwise denied without prejudice for failure to comply with Local Rule 37.

Magistrate Judge's May 6, 2008 Order (Docket No. 88).

On May 15, 2008, plaintiff filed the present motion for review and reconsideration of the May 5, 2008 order.[3] Defendants filed their opposition thereto on June 2, 2008. On June 11, 2008, plaintiff filed her reply. A hearing was held on plaintiff's motion on June 16, 2008. Thereafter, the Court took the matter under submission. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within ten days, and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." See also 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

---

[3] Plaintiff's motion is noticed for review and reconsideration of the magistrate judge's order dated May 5, 2008 only. However, because the parties' arguments also seek review and reconsideration of the May 9, 2008 orders, the Court will construe plaintiff's motion as seeking reconsideration of those orders as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

/ / /

### III. DISCUSSION

#### A. MAY 5, 2008 ORDER

First, plaintiff argues that the Court improperly referred her May 1, 2008 motion to the magistrate judge. Specifically, plaintiff argues that her motion did not concern technical violations of the discovery rules, but rather, it sought to protect the dignity of the Court, plaintiff, and the judicial process. Second, plaintiff argues the magistrate judge's order denying her request for sanctions for her failure to comply with L.R. 37, was clearly erroneous or contrary to law.

The Court finds that plaintiff's May 1, 2008 motion was properly referred to the magistrate judge as a pretrial or discovery matter. See 28 U.S.C. § 636. In any event, the Court has reviewed the transcripts of the plaintiff's deposition and concludes that the questions, while graphic and explicit, were not inappropriate in light of plaintiff's allegations and nature of the suit.

Further, it is clear that pursuant to L.R. 37-1 counsel must meet and confer prior to the filing of any motion related to discovery. Local Rule 37-4 states that "[t]he failure of any counsel to comply with or cooperate in the failure of any counsel to comply with [L.R. 37-1] may result in the imposition of sanctions." Similarly, L.R. 7-3 requires counsel to meet and confer before the filing of any other motion, except in certain enumerated categories of cases not present here.[4] See L.R. 16-12 (listing categories of

---

[4] Local Rule 7-3 provides, in pertinent part,

In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

cases exempt from the meet and confer requirement).  The violation of L.R. 7-3 can also result in the imposition of sanctions.  See L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless.").  Barry admits that she did not meet and confer with opposing counsel, stating that "she did not respond to Silverstrom's extensive and hypertechnical meet and confer letters because she was 'fed up.'"  Mot. at 8.  Under the circumstances, the Court cannot conclude that the magistrate judge's order imposing sanctions was clearly erroneous or contrary to law.

### B.    MAY 9, 2008 ORDERS

Next, plaintiff seeks reconsideration of the magistrate judge's May 9, 2008 orders, arguing that the magistrate judge improperly sanctioned her for failure to comply with L.R. 37.  Plaintiff appears to argue that attorney Barry was not under an obligation to meet and confer with defendants because defendants filed their motions after the discovery cut-off date had passed.

Assuming arguendo that L.R. 37 did not apply, Barry was nonetheless under an obligation to meet and confer with defendants under L.R. 7-3, as stated above.[5]  Moreover, it appears that defendants did not file a motion to compel discovery before the discovery cut-off date in reliance on attorney Barry's promise to provide discovery responses, which she thereafter failed to do.  In light of the foregoing, it cannot be said that the magistrate judge's ruling, based on plaintiff's failure to meet and confer, was clearly erroneous or contrary to law.

### IV.    CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for review and

---

[5] The Court notes the magistrate judge ordered that "Any party seeking review of [these] Order[s] shall cause the preparation and filing of a transcript of the May 9, 2008 hearing."  See May 9, 2008 Orders (Docket Nos. 107-109).  Plaintiff, the party seeking review of the May 9, 2008 order, has not filed the transcript of the May 9, 2008 hearing with this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0316 CAS (Ex) | Date | June 25, 2008 |
|---|---|---|---|
| Title | Sarah Roper v. Keith Poma, et al. | | |

reconsideration of the magistrate judge's orders dated May 5, 2008, and May 9, 2008.

    IT IS SO ORDERED.                                                                                      00:00

                                             Initials of Preparer                        CMJ