UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Patricia Barry | Ann Wu<br>Jed Silverstrom<br>Christy O'Donnell | |

**Proceedings:** **PLAINTIFF'S APPEAL AND/OR NOTICE OF MOTION AND MOTION FOR REVIEW AND RECONSIDERATION OF PRETRIAL, NONDISPOSITIVE RULING OF MAGISTRATE RE: SANCTIONS MOTIONS** (filed 09/15/08)

## I.    INTRODUCTION

On September 5, 2008, Magistrate Judge, the Honorable Charles F. Eick, imposed sanctions against Barry, in the amount of $5,750.00 for failure to comply with three minute orders date May 9, 2008, and three minute orders dated May 28, 2008 ("the discovery orders"). Barry conceded that she did no work towards complying with the discovery orders prior to the July 16, 2008 deadline for compliance. In setting the amount at $5,750.00, Judge Eick determined that counsel for defendants reasonably spent 23 hours pursuing discovery motions at a reasonable hourly rate of $250.00. Judge Eick further ordered that plaintiff comply with each of the discovery orders no later than September 15, 2008.

On September 15, 2008, plaintiff filed the instant motion for review and reconsideration of Judge Eick's ruling. Defendants filed their opposition on September 22, 2008. Plaintiff filed a reply on September 30, 2008. The Court finds and concludes as follows.

## II.    DISCUSSION

A district judge may reconsider a magistrate judge's order where "it has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A).

Barry contends that Judge Eick's ruling was "clearly erroneous." Mot. at 4. Barry contends that she could not respond to discovery within the time period set because she "spent so many hours defending the Ake and Poma MSJ's." Id. at 3. Barry further argues that the $5,750.00 in sanctions is unreasonable because deputy city attorneys do not earn $250.00 per hour. Id. at 3-4. Therefore, Barry contends, the City did not "incur" $5,750.00 in fees and she is entitled to a "recalculation of what the City actually incurred in paying Silverstrom's salary." Id. at 6. Barry further argues that defendants' submissions are "repetitious, causing unnecessary work" for her.

Barry further contends that she cannot afford to pay the sanctions. Id. at 6-7. Barry asks this Court to eliminate the sanctions or, in the alternative, to "place a stay on them pending the outcome of the appeal on the sanctions which she sought against the three attorneys and on the sanctions awarded against her, should the Ninth Circuit dismiss the current appeal because there is no final judgment." Id. at 7.

Defendants respond that the motion is procedurally defective for failure to comply with the meet and confer requirements of Local Rule 7-3[1] and failure to file a transcript of the September 5, 2008 hearing before Judge Eick before appealing, as Judge Eick required. Opp'n at 3; Judge Eick Order at 3. Defendants argue that plaintiff's motion for review pursuant to does not fall within the exceptions to L.R. 7-3. Opp'n at 4. Defendants further argue that Barry's motion improperly relies on evidence and arguments not made before Judge Eick. Opp'n at 5 (citing Paddington Partners v. Bouchard, 34 F. 3d 1132, 1137-38 (2d. Cir. 1994)).

Furthermore, defendants contend, there is no basis to overturn the monetary

---

[1] Local Rule 7-3 provides, in pertinent part: "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

sanctions. Defendants argue that Judge Eick based the sanctions on a reasonable rate for the services of in-house counsel, not on the fees actually incurred. Opp'n at 6; Judge Eick Order at 2 ("In setting the $5,750.00 amount, the Court has determined that counsel for Defendants reasonably spent 23 hours in pursuing the present motions at a reasonable hourly rate of $250.00"). Defendants further contend that Barry has not provided any evidence that she cannot afford to pay the sanctions and that the sanctions should not be stayed because such a ruling would give Barry "carte blanche" to ignore Court orders. Opp'n at 7.

The Court concludes that whether or not Barry's motion is procedurally improper for failure to comply with Local Rule 7-3, Judge Eick's rulings are not clearly erroneous. Barry's failure to respond to discovery deadlines is not excused by her busy schedule. Furthermore, Judge Eick was well within his discretion in awarding sanctions based on a reasonable hourly rate. Missouri v. Jenkins, 491 U.S. 274, 284-89 (1989). The Court therefore denies plaintiff's motion for review and reconsideration of Judge Eick's rulings. However, the Court orders that Barry pay her sanctions at the rate of $500 per month until paid.

### III. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for review and reconsideration and orders that Barry pay sanctions at the rate of $500 per month until paid, commencing November 10, 2008.

IT IS SO ORDERED.

|   | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |