UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Joseph Lovretovich | | Robert Petersen<br>Robert Murphy<br>Jed Silverstrom | |

**Proceedings:** **DEFENDANT RAYMOND PLATT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** (filed 03/23/09)

## I. INTRODUCTION

Plaintiff Sarah Roper is employed by the City of Los Angeles Department of Water and Power (the "DWP" or the "City"). Second Amended Compl. ("SAC") ¶ 3. On October 25, 2007, plaintiff filed the operative SAC against defendants Keith Poma, Thomas Ake, Karen Grime, Raymond Jerry Platt, and the DWP. The SAC alleges claims under 42 U.S.C. § 1983 for violation of plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. The SAC further alleges claims for violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq., based on sexual harassment and failure to prevent sexual harassment, as well as violation of the FEHA based on disability discrimination, failure to provide reasonable accommodation, and failure to engage in good faith in the interactive process.

As to defendant Platt, the SAC alleges claims for (1) deprivation of free speech rights in violation of 42 U.S.C. § 1983; (2) gender discrimination prohibited by the Equal Protection Clause of the Fourteenth Amendment in violation of § 1983; and (3) failure to accommodate or engage in the interactive process in violation of FEHA.

On March 23, 2009, defendant Platt filed the instant motion for summary judgment or, in the alternative, partial summary judgment. On April 21, 2009, plaintiff filed her opposition. On May 29, 2009, defendant filed his reply. A hearing was held on June 22,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.[1]

## II.   BACKGROUND

Platt was employed by the DWP as head of power transmission and distribution. Platt retired from DWP effective July 1, 2008, and has not worked there since April 1, 2008. Plaintiff was employed by DWP as an Electric Station Operator Trainee in June 1981. PSGI ¶¶ 1-2. In 1982, plaintiff became an Electric Station Operator ("ESO"), a permanent employee. Id. ¶ 3. She has been employed as an ESO by DWP for more than twenty-six years. Pl.'s Dep. Vol. 1 at 10:24-11:16.

Plaintiff claims that on April 13, 2005, she spoke to Platt regarding tuition reimbursement and Platt directed her to defendant Grime. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 2. Plaintiff further claims that she left information and paperwork for Grime, but only received paperwork for one of three tuition reimbursements outstanding. Id. Platt responds that he was never responsible for assuring that plaintiff received any tuition reimbursement and that tuition reimbursement is handled by the DWP's Office of Tuition Reimbursement. Platt Decl. ¶ 11. Platt contends that his only responsibility with regard to tuition reimbursement is to review and initial tuition reimbursement requests from employees of his division before forwarding them along to his supervisor. Id. Platt further contends that he promptly reviewed and initialed every tuition reimbursement request he received pertaining to plaintiff. Id.

Plaintiff further claims that Platt has lied to her since March 2004, by indicating that there were no open positions that could accommodate her temporary physical

---

[1] Platt has filed 85 evidentiary objections. Objections 12-21, 25-30, 32-48, 52, 56-59, 64-68, 71, and 76-84 address plaintiff's deposition testimony, declarations, and responses to interrogatories. The Court finds that plaintiff's assertions concerning what happened to her are relevant and do not constitute hearsay. The Court cannot further resolve these evidentiary objections without making factual determinations that are for the trier of fact. The Court does not reach the balance of Platt's evidentiary objections because they are unnecessary to decide this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

limitations. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 2, 11. Platt responds that plaintiff never informed him that she had physical limitations. Plat Decl. ¶ 12. Platt further contends that plaintiff does not claim she was released to return to work prior to May 2005. Id.

Plaintiff asserts that Platt ratified and approved Grime's failures to act to prevent harassment. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 13. Platt responds that Grime was never his subordinate and that he never ratified or approved any of Grime's actions, or failures to act, with respect to plaintiff. Plat Decl. ¶ 13.

Plaintiff further asserts that Platt applied different standards of performance and conduct to plaintiff as compared to other employees. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 27. Plaintiff contends that when she was a few minutes late to work, Platt would dock her, but would not do the same to Poma and other employees. Id. Platt responds that he never applied different standards of conduct to plaintiff and that he never docked plaintiff for being a few minutes late to work. Platt Decl. ¶ 14.

Plaintiff contends that Platt denied her training and access to DWP computer programs that she needed to become competitive and qualified for promotions. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 3, 27. Platt responds that he did not deny any training or computer access to plaintiff. Platt Decl. ¶¶ 15-16.

Plaintiff further contends that Platt allowed Poma to work as a scheduler, even after he was aware of plaintiff's allegations against Poma, allowing Poma to assign himself as plaintiff's relief so that he could be alone with plaintiff. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 7. Platt responds that he never had anything to do with the selection of Poma as scheduler because that decision would have been made by Poma's immediate supervisor. Platt Decl. ¶ 8.

Plaintiff asserts that Platt forced her to report as a "Toolroom" worker starting on July 25, 2005. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 28. Plaintiff claims that (1) she was to work 8 hours a day, but was put on an 8.5 hour shift and (2) she had a 20 mile commute compared to her previous 0.5 mile commute. Id. Platt responds that Darrell Mathis, the Manager of Distribution of Operations at that time, located that position for plaintiff and assigned her to it. Platt Decl. ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Plaintiff further asserts that Platt failed to discipline Poma for making false statements to timekeeper Cindy Moritz. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 7, 31.

Plaintiff claims that Platt should have immediately transferred Poma away from her based on the 2002 findings of Gabriella Kennedy. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 32-34. Platt responds that plaintiff has provided no evidence that Kennedy's findings required such a transfer. Platt further claims that he was never asked to transfer Poma away from plaintiff. Platt Decl. ¶ 21.

Plaintiff contends that on November 23, 2005, she was late in reporting to her assigned work location and a fellow employee notified her that she may be docked one tenth of an hour. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 8. Plaintiff asserts that she called Platt, but Platt refused to speak with her. Id. Platt responds that he did not refuse to speak with plaintiff on November 23, 2005, and that plaintiff was not docked any time. Platt Decl. ¶ 20.

Plaintiff further contends that defendant Ake, with the agreement of Platt, sent her to Dr. Comeau on November 23, 2005, for alcohol testing under the terms of a Letter of Agreement that plaintiff claims was expired. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 9. Platt responds that Ake never sought or needed his approval before sending plaintiff for alcohol testing. Platt Decl. ¶ 26.

Plaintiff asserts that Platt instructed Ake to send plaintiff to DWP Medical in June and July of 2006 for illness verification was a form of harassment. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 12-13. Platt responds that he never instructed Ake to send plaintiff to DWP Medical for illness verification. Platt Decl. ¶ 21.

Plaintiff further asserts that Platt failed to inform her of a promotional opportunity, namely, that a civil service exam for the chief electric plant operator or assistant superintendent position in July 2006. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 35-36. Platt responds that he had no personal role in informing his subordinates about promotional opportunities. Platt Decl. ¶¶ 9-10. Platt contends that he instructed his immediate subordinates to post promotional opportunities at area headquarters on bulletin boards. Id. However, Platt acknowledges that his immediate subordinates also occasionally placed notices of promotional opportunities in particular

Case 2:07-cv-00316-CAS-E   Document 304   Filed 06/22/09   Page 5 of 13   Page ID #:8684

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

employees' mailboxes if the opportunity was in the employees' line of promotion. Id.

Plaintiff claims that "management," including Platt, spread rumors that plaintiff was having mental health problems. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 12. Platt responds that he never spread any rumors about plaintiff. Platt Decl. ¶ 24. Plaintiff also claims that in April 2002, after she got drunk at home and called in sick, Ake came to her home to pick her up and drove her to DWP medical for a drug/alcohol test, which she failed. Id. at 12-13. Plaintiff contends that Platt approved this action because he was Ake's supervisor. Id. Platt responds that he did not approve of, or know about, this action. Platt Decl. ¶ 25.

Plaintiff further claims that Platt would "denigrate" her at safety meetings when she reported safety violations and "put her down sarcastically." Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 27. Plaintiff also claims that in 1997, when she suggested that DWP should implement an agreement involving "Women in Trades" and that she could start a support group for women, Platt responded "What for – the two of you?" Id. Platt responds that he never took any action with regard to plaintiff because of her gender. Platt Decl. ¶ 32.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. First Amendment Claim

Defendant argues that he is entitled to summary judgment on plaintiff's First Amendment claim. Defendant contends that the Court held in ruling on Ake's motion for summary judgment that "plaintiff's statements about safety are not protected under the First Amendment." Mot. at 11 (citing July 21, 2008 Order at 13).

Defendant further argues that all of plaintiff's claims are untrue, as described in Section II, and did not result in any adverse employment action. Mot. at 12. Defendant argues that plaintiff was not released to return to work until May 2005, and was returned to work shortly thereafter.

Moreover, defendant argues that plaintiff cannot show that any protected speech was a "substantial or motivating" factor in any adverse employment action against her. Mot. at 13. Defendant contends that he was unaware of plaintiff's prior lawsuit against the City and that he never took any action against plaintiff because of anything she said or wrote. Id. Defendant further contends that to the extent plaintiff seeks to impose liability against him based on alleged harassment by Poma, this claim is barred by the two-year statute of limitations because there is no evidence that Poma engaged in any alleged harassment of plaintiff after December 23, 2004, and this action was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

commenced until January 11, 2007.

Plaintiff responds that (1) Platt or Grime rejected payment for two quarters of her tuition; (2) Platt deceived her concerning jobs that were open and could have accommodated her limitations; (3) Platt "aided and abetted" Grime's failure to interact with plaintiff to bring her back to work; (4) Platt treated her differently than her male co-workers; (5) Platt admitted to EEO investigators that he personally denied computer training and self-defense classes to plaintiff; (6) Platt and Grime were supervisors who had to be consulted concerning plaintiff's assignment to the "Toolroom" and the potential transfer of Poma; (7) Ake stated in his declaration attached to his motion for summary judgment that Platt ordered him to send Roper to DWP Medical for illness verification in June and July 2006; (8) Platt signed a document dated April 9, 2002, approving Ake's visit to Roper's home to check if she was drunk; and (9) Platt knew about plaintiff's lawsuit because he told her that she should have held out for more in discussing settlement. Plaintiff further responds that at the time Platt engaged in these acts, he had personal knowledge that Roper had filed DFEH and in-house EEO complaints against him and Ake. Opp'n at 16.

Generally, to satisfy the elements of a prima facie case of a First Amendment claim against a public employer, plaintiff must show that (1) she engaged in constitutionally protected activity; (2) the public employer took adverse employment action against her; and (3) her protected activity was a "substantial or motivating" factor in the adverse action. See Freitag v. Ayers, 468 F.3d 528, 540 (9th Cir. 2006); Rendish v. City of Tacoma, 123 F.3d 1216, 1222 (9th Cir. 1997) (stating that to be protected under the Petition Clause, a public employee's litigation/grievance must involve a matter of public concern). Once that showing has been made, the question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public. Garcetti v. Ceballos, 547 U.S. 410, 21 (2006) (holding that when a public employee makes statements pursuant to her official duties, she is not speaking as a citizen for First Amendment purposes). The burden then shifts to the employer who must

> demonstrate either that, under the balancing test established by Pickering[v. Board of Ed. of Tp. High School Dist., 391 U.S. 563, 568 (1968),] the employer's legitimate administrative interests outweigh the employee's First Amendment rights or that, under the mixed motive analysis established by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

    Mt. Healthy [City School District Board of Educ. v. Doyle, 429 U.S. 274 (1977),] the employer would have reached the same decision even in the absence of the employee's protected conduct.

Thomas v. City of Beaverton, 379 F.3d 802, 808 (9th Cir. 2004).

    An employer can meets its burden on a motion for summary judgment by showing the absence of one or more of these prima facie elements, or that legitimate, non-discriminatory reasons existed for the employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), aff'd in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); see also Engquist v. Or. Dep't of Agric., 2004 U.S. Dist. LEXIS 6828 (D. Or. Apr. 8, 2004) (stating that McDonnell Douglas burden-shifting test applies to section 1983 claims); Irion v. County of Contra Costa, 2005 U.S. Dist. LEXIS 4293 (N.D. Cal. Mar. 16, 2005) (same); Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991) ("A plaintiff who fails to establish intentional discrimination for purposes of Title VII . . . also fails to establish intentional discrimination for purposes of § 1983.").

    In its July 21, 2008 Order granting in part and denying in part Ake's motion for summary judgment, the Court held that "all [of plaintiff's] claimed activity is protected by the First Amendment except for plaintiff's statements about safety violations."[2] July

---

    [2] This conclusion is not altered by the Ninth Circuit's subsequent holding that "whether the plaintiff spoke as a public employee or a private citizen-is a mixed question of fact and law." Posey, 546 F.3d at 1129. There is no genuine issue of material fact as to whether plaintiff spoke as a public employee or private citizen because

> The only evidence that plaintiff has set forth to show that she was speaking as a private citizen is her written job description, which she argues does not require that she report safety violations to the City of Los Angeles Board of Water and Power Commissioners or the General Manager. However, this evidence, in and of itself, is insufficient to controvert her undisputed testimony that "reporting safety violations" was part of her job duties and that "all of the safety violations that [she] reported . . . were within the scope of [her] job duties." Opp'n, Roper Dep. at 473:20-23. In light of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

21, 2008 Order at 13. An "adverse employment action" is an action that is reasonably likely to deter an employee from engaging in protected activity. Coszalter v. City of Salem, 320 F.3d 968, 976 (9th Cir. 2003). "To constitute an adverse employment action, a government act of retaliation need not be severe and it need not be of a certain kind." Id. at 975. Indeed, "a wide array of disadvantageous changes in the workplace constitute adverse employment actions." Ray, 217 F.3d at 1240-41.

In light of the Court's ruling that plaintiff's speech about safety violations is not protected, the Court does not reach the question of whether plaintiff has suffered an adverse employment action in retaliation for those statements. With regard to plaintiff's assertion that she supported women in male dominated occupations by speaking to Renette Anderson in March 2006, plaintiff has previously admitted that "nothing happened to [her] as a result of" this conversation. July 21, 2008 Order at 14. Moreover, insofar as plaintiff asserts that she suffered adverse employment action by reason of her association with culture and gender oriented groups in the early 1990s, plaintiff has not made an evidentiary showing linking her association with those groups to any actions allegedly taken by Platt beginning in 2003. Finally, with respect to plaintiff's filing of a civil action in 1992 and DFEH complaints in 2004 and 2005, the Court finds that plaintiff has failed to show that Platt retaliated against her for filing a civil action in 1992, eleven years before Platt took any allegedly adverse action against her. However, in light of the conduct addressed supra in section II, the Court finds that there is a genuine issue of material fact as to whether, in light of the totality of the conduct alleged, plaintiff suffered adverse employment action for complaining to the DFEH in 2004 and 2005.

Lastly, the Court concludes that a genuine issue of fact exists as to whether plaintiff's protected activity was a "substantial or motivating" factor in the adverse action. The majority of the conduct complained of occurred in 2005, which is sufficient

---

testimony, and plaintiff's other concessions to the effect that her as part of her duties as an ESO she was required her to ensure workplace safety, the Court finds that plaintiff's statements about safety are not protected under the First Amendment.

July 21, 2008 Order at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

in temporal proximity to plaintiff's DFEH complaints to allow a jury to infer retaliation. Coszalter, 320 F.3d at 977 ("a plaintiff can show that retaliation was a substantial or motivating factor behind a defendant's adverse employment actions . . . by introduc[ing] evidence regarding the 'proximity in time between the protected action and the allegedly retaliatory employment decision,' from which a 'jury logically could infer [that the plaintiff] was terminated in retaliation for his speech.'").

Based on the foregoing, the Court grants Platt's motion for summary judgment on plaintiff's First Amendment claim except to the extent that it relates to plaintiff's filing of DFEH complaints in 2004 and 2005.

**B.    Equal Protection**

**1.    Platt's liability for his own conduct**

Defendant argues that he did not discriminate against plaintiff because of her gender and that plaintiff has presented no evidence to the contrary. Mot. at 14. Plaintiff responds that Platt intentionally discriminated against her because of her gender and free speech. Id. at 21.

To state a claim against an individual pursuant to section 1983 plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a person (4) who acted under color of [law]." Martin A. Schwartz, 1 Section 1983 Litigation Claims and Defenses § 1.04(A) (4th ed. 2007) (internal citations and footnotes omitted); Christian Gospel Church, Inc. v. City and County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990) (to establish a claim for a violation of equal protection, a plaintiff is required to show "the existence of at least two classifications of persons which are treated differently under the law"). To defeat summary judgment on her section 1983 claim for discrimination, plaintiff must show "that the defendant acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003). "The evidence may be direct or circumstantial, and the amount that must be produced is 'very little.'" Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

If a challenged law discriminates on the basis of gender, then it must normally be subject to intermediate scrutiny:

> When a statute gender-neutral on its face is challenged on the ground that its effects upon women are disproportionably adverse, a twofold inquiry is [ ] appropriate. The first question is whether the statutory classification is indeed neutral in the sense that it is not gender-based. If the classification itself, covert or overt, is not based upon gender, the second question is whether the adverse effect reflects invidious gender-based discrimination.

Tuscon Woman's Clinic v. Eden, 379 F.3d 531, 548 (9th Cir. 2004) (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 274 (1979)).

The Court concludes that plaintiff has raised a question of disputed fact as to whether Platt discriminated against her on the basis of her gender. Considering the totality of the conduct discussed supra in section II, there is a question of fact as to whether plaintiff was subjected to a hostile work environment. Further, among other things, plaintiff testified that Platt would "denigrate" her at safety meetings when she reported safety violations and "put her down sarcastically." Because the Court must view the facts in the light most favorable to plaintiff, summary judgment is inappropriate.

### 2. Platt's liability for Poma's harassing conduct

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Bator v. Hawaii, 39 F.3d 1021, 1029 (9th Cir. 1994) (stating that a supervisor who has been apprised of unlawful harassment and does nothing to stop the harassment may be held liable under section 1983). As the Ninth Circuit stated in the context of a Title VII case, a defendant need not have actual notice of the allegedly harassing conduct. Ellison v. Brady, 924 F.2d 872, 881 (9th Cir. 1991). Instead, a defendant may be held liable if he or she had constructive knowledge of the challenged conduct. Id.; see also Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (stating that prison supervisors may be liable if they had actual or constructive knowledge of the need to train guards to prevent constitutional violations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Defendant argues that there is no basis for supervisory liability because he did not directly supervise plaintiff or Poma.[3]  Id.  Defendant further argues that even if there were a basis for imposing liability upon him based on Poma's alleged harassment, such a claim would be barred by the statute of limitations.  Id.

Plaintiff responds that it was Platt's responsibility to insure a workplace free from harassment and his failure to do so constitutes a violation of plaintiff's right to equal protection.  Opp'n at 20 (citing Bator v. State of Hawaii, 39 F.3d 1021 (9th Cir. 1994)).  Plaintiff argues that Platt cannot "get out of" his responsibility because he was not the "first-line supervisor of Roper and Poma."  Id.  Plaintiff further argues that Platt refused to meet with her on May 5, 2006, to provide some kind of guarantee that all reasonable steps were taken to protect her from Poma.

Platt responds that plaintiff has failed to provide any evidence that he was apprised of any harassment by Poma.  Reply at 25.  Platt argues that Bator imposes liability only for failing to stop harassment, not for failing to take corrective action after harassment has already occurred.  Id.

Plaintiff filed sexual harassment complaints with the DFEH in 2004 and 2005 in which she charged Poma with sexual harassment.  Although Platt contends that plaintiff has failed to show he had knowledge of these complaints, he does not state that he did not know about them.  Similarly, although Platt argues that plaintiff did not identify Poma as her harasser until May 2006, he does not assert that he did not know that plaintiff was complaining about Poma.  Therefore, the Court cannot determine, as a matter of law, that Platt lacked constructive knowledge of Poma's allegedly wrongful acts, and accordingly, summary judgment must be denied.

### C. Punitive Damages

Defendant argues that there is no basis for the imposition of punitive damages because plaintiff has not provided any evidence that defendant's conduct was malicious, wanton, or oppressive.  Mot. at 14 (citing Smith v. Wade, 461 U.S. 30, 56 (1983)).

---

[3] Defendant cites no case law to support this contention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Plaintiff argues that she has put forth sufficient facts to create a triable issue as to whether Platt "had an illegal motive, gender prejudice, and showed reckless or callous indifference to Roper's rights." Opp'n at 21.

The Court concludes that defendant's motion should be denied. The Court cannot conclude on this record as a matter of law that defendant's conduct was not "malicious, wanton, or oppressive." Smith, 461 U.S. at 56.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendant's motion for summary judgment on plaintiff's First Amendment claim except to the extent that it relates to plaintiff's filing of DFEH complaints in 2004 and 2005.

The Court DENIES defendant's motion as to plaintiff's equal protection claim. The Court further DENIES defendant's motion as to plaintiff's claim for punitive damages.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |