UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Joseph Lovretovich | Robert Petersen<br>Robert Murphy<br>Jed Silverstrom |

**Proceedings:** **DEFENDANT KARYN GRIME'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** (filed 03/23/09)

## I. INTRODUCTION

Plaintiff Sarah Roper is employed by the City of Los Angeles Department of Water and Power (the "DWP" or the "City"). Second Amended Compl. ("SAC") ¶ 3. On October 25, 2007, plaintiff filed the operative SAC against defendants Keith Poma, Thomas Ake, Karen Grime, Raymond Jerry Platt, and the DWP. The SAC alleges claims under 42 U.S.C. § 1983 for violation of plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. The SAC further alleges claims for violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq., based on sexual harassment and failure to prevent sexual harassment, as well as violation of the FEHA based on disability discrimination, failure to provide reasonable accommodation, and failure to engage in good faith in the interactive process.

As to defendant Grime, the SAC alleges (1) deprivation of free speech rights in violation of 42 U.S.C. § 1983 and (2) gender discrimination prohibited by the Equal Protection Clause of the Fourteenth Amendment in violation of § 1983.

On March 23, 2009, defendant Grime filed the instant motion for summary judgment or, in the alternative, partial summary judgment. On April 21, 2009, plaintiff filed her opposition. On May 29, 2009, defendant filed her reply. A hearing was held on June 22, 2009. After carefully considering the parties' arguments, the Court finds and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

concludes as follows.[1]

## II.   BACKGROUND

Grime is a female employee of DWP and has never been a supervisor of plaintiff. PSGI ¶¶ 1-2. Plaintiff was employed by DWP as an Electric Station Operator Trainee in June 1981. Id. In 1982, plaintiff became an Electric Station Operator ("ESO"), a permanent employee. Id. ¶ 3. She has been employed as an ESO for more than twenty-six years. Pl.'s Dep. Vol. 1 at 10:24-11:16.

Plaintiff claims that Keith Poma, who is also employed at DWP as an ESO, sexually harassed her. Pl.'s Dep. Vol. 1 at 50: 5-15. Plaintiff asserts that while an investigation of her complaint against Poma was proceeding, Grime falsely told DWP EEO investigators on January 14, 2004, that Poma and plaintiff did not work together and were "always separate." Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 2, 19. Grime responds that she never made such a statement. Grime Decl. ¶ 7 at 2:12-13.

Plaintiff further claims that Dr. Hacopian recommended that plaintiff work in another department while the investigation concerning Poma was ongoing, but that DWP refused to follow that recommendation. Pl.'s Dep., Vol. 2 at 275:20-276:12, 279:17-281:6. Grime responds that she was never informed of any recommendation made by Dr. Hacopian. Grime Decl. ¶ 14 at 3:10-12.

Plaintiff asserts that she left Grime a voicemail message (1) asking if Grime could help get her back to work because she had been cleared with a temporary limited physical disability; (2) telling Grime that she had filed EEO complaints against Poma and other supervisors; and (3) asking what accommodations could be made. Plaintiff contends that

---

[1] Grime has filed 59 evidentiary objections. Objections 12-21, 25-48, 49-52, and 56-59 address plaintiff's deposition testimony, declarations, and responses to interrogatories. The Court finds that plaintiff's assertions concerning what happened to her are relevant and do not constitute hearsay. The Court cannot further resolve these evidentiary objections without making factual determinations that are for the trier of fact. The Court does not reach the balance of Grime's evidentiary objections because they are unnecessary to decide this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Grime never returned her call. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 2, 8. Grime responds that she never received plaintiff's voicemail. Grime Decl. ¶¶ 10-11.

Plaintiff further asserts that she learned from Dr. Wong of DWP Medical Services, that Grime recommended sending Roper to Castaic, which is "Siberia for ESO's. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 2, 20. Grime responds that she never recommended sending plaintiff to Castiac and that plaintiff was never transferred to Castiac. Grime Decl. ¶ 8 at 2:14-15.

Moreover, plaintiff claims that she left necessary information and paperwork with Grime regarding tuition reimbursement, but only received paperwork for one of three tuition reimbursements outstanding. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 20. Grime responds that her only role with respect to employee tuition reimbursement is reviewing and initialing tuition reimbursement requests. Grime Decl. ¶ 16 at 3:20-4:2. Grime asserts that she promptly reviewed and initialed every tuition reimbursement request that she received pertaining to plaintiff without rejecting any portion thereof. Id.

Plaintiff asserts that she was released to return to work with temporary physical limitations on both May 10, 2005, and May 11, 2005, but that Grime refused to assign her work. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 3, 21. Plaintiff asserts that Grime refused to see her or take any of her phone calls. Id. Grime responds that she never refused to return plaintiff to work. Grime Decl. ¶ 19 at 4:19-20. Plaintiff further asserts that on July 11, 2005, Grime provided "limited disability accommodation" for another ESO, Brenden Kennedy, by assigning him to work as an Area Control Operator. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 3-4. Grime responds that she was not involved in any way in any accommodation of Kennedy in 2005. Grime Decl. ¶ 19 at 4:19-20.

Plaintiff further asserts that on July 20, 2005, Grime directed her to report as a "Toolroom" worker starting on July 25, 2005. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 3-4. Plaintiff claims that (1) she was to work 8 hours a day, but was put on an 8.5 hour shift and (2) she had a 20 mile commute compared to her previous 0.5 mile commute. Id. Grime responds that she does not recall telling plaintiff to work in the "Toolroom," and that her superiors are responsible for assigning plaintiff to a position

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

and fixing her hours.  Grime Decl. ¶ 18 at 4:11-17.

Plaintiff further claims that on May 5, 2005, she learned that her disability check was being held by DWP in a desk drawer at the DWP Disability Office with a note stating "hold."  Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 20-21. Grime responds that she was not involved with plaintiff's disability check, which is handled by the DWP Retirement Plan Office.  Grime Decl. ¶ 17 at 4:3-9.

Plaintiff further asserts that Grime lied to her by saying that there were no "open positions" to accommodate her temporary physical limitations beginning in March 2004. Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 22, 40.  Grime responds that she never lied about whether there were any open positions to accommodate plaintiff's temporary physical disability and that she does not know what plaintiff's alleged temporary physical disability is.  Grime Decl. ¶ 22 at 5:5-6.

Moreover, plaintiff asserts that Grime never contacted her after she went out on disability on May 25, 2006, to engage in the interactive process.  Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 5, 37, 40.  Grime responds that she did not contact plaintiff because plaintiff had not been released by her doctor to return to work and because Grime had not been informed of any work restrictions that plaintiff may have had until April 14, 2008.  Grime Decl. ¶ 22 at 5:5-6.  Grime further responds that someone else at DWP handled the interactive process and accommodation of plaintiff with respect to that release and those restrictions.  Id.

Plaintiff contends that Grime knew of the harassment by Poma and did nothing to protect her from "violence in the workplace."  Pl.'s Amended Supp. Answers to Def.'s Interrogatories, No. 1 at 7-8.  More specifically, plaintiff contends that Grime knew that Poma made false statements to timekeeper Cindy Mortiz about plaintiff.  Id.  Plaintiff further contends that Grime withdrew and purged a "Notice to Correct Deficiency" that Ake had issued to plaintiff and took no disciplinary action against Poma.  Id.  Plaintiff asserts that by not disciplining Poma, Grime "contributed to the failure to protect Roper from further harassment and potential violence in the workplace."  Id.  Grime asserts that she was not advised of, and did not know of, any continuing pattern of harassment of plaintiff by Poma, except as a defendant in this lawsuit.  Grime Decl. ¶ 27 at 5:13-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. First Amendment Claim

The SAC asserts that plaintiff engaged in activity protected under the First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Amendment. First, plaintiff alleges that she spoke out about safety violations at DWP power substation facilities. Second, plaintiff contends that her support of women employees in male-dominated occupations constitutes protected activity under the First Amendment. Third, plaintiff asserts that her participation in groups focusing on issues related to culture and gender is protected under the First Amendment. Finally, plaintiff maintains that her filing of civil actions and administrative complaints is protected under the First Amendment.

Defendant argues that she is entitled to summary judgment on plaintiff's First Amendment claim. Defendant contends that the Court held, in ruling on Ake's motion for summary judgment, that "plaintiff's statements about safety are not protected under the First Amendment." Mot. at 11 (citing July 21, 2008 Order at 13). Defendant further contends that plaintiff did not suffer any adverse employment action. Id. Defendant argues (1) that plaintiff cannot show that she was not transferred as a result of defendant's alleged statement that plaintiff and Poma were always separate and (2) that plaintiff was on disability leave within nine days of defendant allegedly making this statement. Id. Defendant further argues that plaintiff's lack of accommodation claim is untrue and did not involve an adverse employment action because plaintiff was not released to return to work until seven months after the alleged failure to accommodate. Id. (citing Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 266 (2000)). Defendant further contends that the balance of plaintiff's claims are untrue and did not result in any adverse employment action.

Defendant further argues that plaintiff has failed to show that any protected speech was a "substantial or motivating factor" in any adverse employment action against her. Mot. at 13. Defendant contends that plaintiff has not put forth any facts demonstrating that defendant was aware of plaintiff's protected speech. Id. Defendant further contends that prior to the filing of this lawsuit, she had no knowledge that plaintiff had (1) previously filed a lawsuit against the City or any of its employees; (2) engaged in any acts or made any statements in support of women employees in male-dominated occupations; or (3) participated in or supported any groups focusing on issues related to culture and/or gender. Id. at 13.

Plaintiff responds that the Court ruled in its order on Ake's motion for summary judgment that filing DFEH complaints is protected activity. Opp'n at 16. Plaintiff argues that Grime had personal knowledge that plaintiff filed DFEH complaints when Grime

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

engaged in the acts complained of.  Id.

Plaintiff further requests that the Court revisit the issue of whether plaintiff's ongoing reports of safety violations to the Board of Commissioners is an issue for the jury in light of the Ninth Circuit's ruling in Posey v. Lake Pend Oreille School Dist. No. 84, 546 F.3d 1121 (9th Cir. 2008).  Opp'n at 16.  In Posey, the Ninth Circuit held that "the third element of the protected status inquiry–whether the plaintiff spoke as a public employee or a private citizen–is a mixed question of fact and law."  Posey, 546 F.3d at 1129.  Plaintiff argues that although one of her duties is to report safety violations to a load dispatcher or supervisor, she is not an employee designated by DWP to report safety violations to the Board of DWP Commissioners.  Opp'n at 17.  Plaintiff further argues that she spoke to the Board of DWP Commissioners as an employee and a ratepayer.  Id.

Moreover, plaintiff argues that she suffered an adverse employment action. Plaintiff contends that as a result of Grime reporting that no transfer was necessary, plaintiff was "forced out on disability. . . nine days after Grime ordered no transfer." Opp'n at 17-18.  Plaintiff further contends that Grime "caused her no end of grief by deliberately refusing to interact with her to bring her back to the job site between April 2004 and July 2005."  Id. at 18.  Plaintiff further argues that Grime's conduct would deter a reasonable employee from protected activity and created a "disadvantageous change" in the workplace.  Id. at 18.

Generally, to satisfy the elements of a prima facie case of a First Amendment claim against a public employer, plaintiff must show that (1) she engaged in constitutionally protected activity; (2) the public employer took adverse employment action against plaintiff; and (3) plaintiff's protected activity was a "substantial or motivating" factor in the adverse action. See Freitag v. Ayers, 468 F.3d 528, 540 (9th Cir. 2006); Rendish v. City of Tacoma, 123 F.3d 1216, 1222 (9th Cir. 1997) (stating to be protected under the Petition Clause, a public employee's litigation/grievance must involve a matter of public concern).  Once that showing has been made, the question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.  Garcetti v. Ceballos, 547 U.S. 410, 21 (2006) (holding that when a public employee makes statements pursuant to her official duties, she is not speaking as a citizen for First Amendment purposes).  The burden then shifts to the employer who must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

demonstrate either that, under the balancing test established by Pickering[v. Board of Ed. of Tp. High School Dist., 391 U.S. 563, 568 (1968),] the employer's legitimate administrative interests outweigh the employee's First Amendment rights or that, under the mixed motive analysis established by Mt. Healthy [City School District Board of Educ. v. Doyle, 429 U.S. 274 (1977),] the employer would have reached the same decision even in the absence of the employee's protected conduct.

Thomas v. City of Beaverton, 379 F.3d 802, 808 (9th Cir. 2004).

An employer can meets its burden on a motion for summary judgment by showing the absence of one or more of these prima facie elements, or that legitimate, non-discriminatory reasons existed for the employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), aff'd in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); see also Engquist v. Or. Dep't of Agric., 2004 U.S. Dist. LEXIS 6828 (D. Or. Apr. 8, 2004) (stating that McDonnell Douglas burden-shifting test applies to section 1983 claims); Irion v. County of Contra Costa, 2005 U.S. Dist. LEXIS 4293 (N.D. Cal. Mar. 16, 2005) (same); Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991) ("A plaintiff who fails to establish intentional discrimination for purposes of Title VII . . . also fails to establish intentional discrimination for purposes of § 1983.").

In its July 21, 2008 Order granting in part and denying in part Ake's motion for summary judgment, the Court held that "all [of plaintiff's] claimed activity is protected by the First Amendment except for plaintiff's statements about safety violations."[2] July

---

[2] This conclusion is not altered by the Ninth Circuit's subsequent holding that "whether the plaintiff spoke as a public employee or a private citizen-is a mixed question of fact and law." Posey, 546 F.3d at 1129. There is no genuine issue of material fact as to whether plaintiff spoke as a public employee or private citizen because

> The only evidence that plaintiff has set forth to show that she was speaking as a private citizen is her written job description, which she argues does not require that she report safety violations to the City of Los Angeles Board of

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

21, 2008 Order at 13.  An "adverse employment action" is an action that is reasonably likely to deter an employee from engaging in protected activity.  Coszalter v. City of Salem, 320 F.3d 968, 976 (9th Cir. 2003).  "To constitute an adverse employment action, a government act of retaliation need not be severe and it need not be of a certain kind."  Id. at 975.  Indeed, "a wide array of disadvantageous changes in the workplace constitute adverse employment actions."  Ray, 217 F.3d at 1240-41.

In light of the Court's ruling that plaintiff's speech about safety violations is not protected, the Court does not reach the question of whether plaintiff has suffered an adverse employment action in retaliation for those statements.  With regard to plaintiff's assertion that she supported women in male dominated occupations by speaking to Renette Anderson in March 2006, plaintiff has previously admitted that "nothing happened to [her] as a result of" this conversation.  July 21, 2008 Order at 14.  Moreover, insofar as plaintiff asserts that she suffered adverse employment action by reason of her association with culture and gender oriented groups in the early 1990s, plaintiff has not made an evidentiary showing linking her association with those groups to any actions allegedly taken by Grime beginning in 2003.  Finally, with respect to plaintiff's filing of a civil action in 1992 and DFEH complaints in 2004 and 2005, Grime contends that there is no evidence showing (1) that she took any adverse employment action against plaintiff for doing so or (2) that he even knew about the 2004 and 2005 charging complaints.  The Court finds that plaintiff has failed to show that Grime retaliated against her for filing a civil action in 1992, eleven years before Grime took any

---

[2](...continued)
Water and Power Commissioners or the General Manager.  However, this evidence, in and of itself, is insufficient to controvert her undisputed testimony that "reporting safety violations" was part of her job duties and that "all of the safety violations that [she] reported . . . were within the scope of [her] job duties."  Opp'n, Roper Dep. at 473:20-23.  In light of this testimony, and plaintiff's other concessions to the effect that her as part of her duties as an ESO she was required her to ensure workplace safety, the Court finds that plaintiff's statements about safety are not protected under the First Amendment.

July 21, 2008 Order at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

allegedly adverse action against plaintiff. However, in light of the conduct addressed supra in section II, the Court finds that there is a genuine issue of material fact as to whether, in light of the totality of the conduct alleged, plaintiff suffered adverse employment action for complaining to the DFEH in 2004 and 2005.

The Court further concludes that a genuine issue of fact exists as to whether plaintiff's protected activity was a "substantial or motivating" factor in the adverse action. The majority of the conduct complained of occurred in 2005, which is sufficient in temporal proximity to plaintiff's DFEH complaints to allow a jury to infer retaliation. Coszalter, 320 F.3d at 977 ("a plaintiff can show that retaliation was a substantial or motivating factor behind a defendant's adverse employment actions . . . by introduc[ing] evidence regarding the 'proximity in time between the protected action and the allegedly retaliatory employment decision,' from which a 'jury logically could infer [that the plaintiff] was terminated in retaliation for his speech.'").

Based on the foregoing, the Court grants Grime's motion for summary judgment on plaintiff's First Amendment claim except to the extent that it relates to plaintiff's filing of DFEH complaints in 2004 and 2005.

    **B.**    **Equal Protection Claim**

        **1.**    **Grime's liability for her own conduct**

Defendant argues that plaintiff has provided no evidence that she discriminated against plaintiff because of plaintiff's gender. Mot. at 14.

Plaintiff responds that she has "direct evidence of discriminatory animus" because Grime interacted with many males to get them back to work, but refused to do so for plaintiff, the only woman ESO in "the valley." Opp'n at 19. Plaintiff argues that Grime refused to interact with plaintiff because the male managers and supervisors did not want plaintiff back and wanted to punish plaintiff for her prior lawsuit, for reporting safety violations to the Board of Commissioners, and for filing EEO complaints in house and with DFEH. Id. Plaintiff argues that Grime "intentionally discriminated against [plaintiff] because of her gender and because of her free speech." Id.

Defendant responds that plaintiff has provided no evidence to support her assertion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

that "Grime was supposed to interact herself with Roper." Reply at 24. Defendant argues that it is her understanding that the interactive process only applies to employees with "permanent and long-term limitations." Id. Defendant further argues that plaintiff has presented no evidence that defendant was ever presented with a situation requiring her to engage in the interactive process with any other female employee. Id. at 25.

To state a claim against an individual pursuant to section 1983 plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a person (4) who acted under color of [law]." Martin A. Schwartz, 1 Section 1983 Litigation Claims and Defenses § 1.04(A) (4th ed. 2007) (internal citations and footnotes omitted); Christian Gospel Church, Inc. v. City and County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990) (to establish a claim for a violation of equal protection, a plaintiff is required to show "the existence of at least two classifications of persons which are treated differently under the law"). To defeat summary judgment on her section 1983 claim for discrimination, plaintiff must show "that the defendant acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003). "The evidence may be direct or circumstantial, and the amount that must be produced is 'very little.'" Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991).

If a challenged law discriminates on the basis of gender, then it must normally be subject to intermediate scrutiny:

> When a statute gender-neutral on its face is challenged on the ground that its effects upon women are disproportionably adverse, a twofold inquiry is [ ] appropriate. The first question is whether the statutory classification is indeed neutral in the sense that it is not gender-based. If the classification itself, covert or overt, is not based upon gender, the second question is whether the adverse effect reflects invidious gender-based discrimination.

Tuscon Woman's Clinic v. Eden, 379 F.3d 531, 548 (9th Cir. 2004) (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 274 (1979)).

The Court finds that plaintiff has raised a question of disputed fact as to whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Grime discriminated against her on the basis of her gender.[3]  Considering the totality of the conduct discussed supra in section II, there is a question of fact as to whether plaintiff was subjected to a hostile work environment.  Because the Court must view the facts in the light most favorable to plaintiff, summary judgment is inappropriate.[4]

### 2. Grime's liability for Poma's harassing conduct

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. Nev. 1989); see also Bator v. Hawaii, 39 F.3d 1021, 1029 (9th Cir. 1994) (stating that a supervisor who has been apprised of unlawful harassment and does nothing to stop the harassment may be held liable under section 1983).  As the Ninth Circuit stated in the context of a Title VII case, a defendant need not have actual notice of the allegedly harassing conduct.  Ellison v. Brady, 924 F.2d 872, 881 (9th Cir. 1991).  Instead, a defendant may be held liable if he or she had constructive knowledge of the challenged conduct.  Id.; see also Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (stating that prison supervisors may be liable if they had actual or constructive knowledge of the need to train guards to prevent constitutional violations).

---

[3] At oral argument, defense counsel argued that Grime's deposition testimony regarding the interactive process should be disregarded because she believed that the interactive process only applied to long-term, permanent disabilities.  Grime's apparent misunderstanding does not alter the Court's conclusion that a genuine issue of material fact exists as to whether Grime failed to engage in the interactive process with plaintiff on account of her gender.

[4] Furthermore, plaintiff's failure to designate a physician as an expert witness does not preclude her treating physician from demonstrating that she suffered from a covered disability, so long as the treating physician does testify regarding future payments, prognosis and treatment.  Bynum v. MVM, Inc., 241 F.R.D. 52, 53 (D.D.C. 2007) ("As a treating physician, [the doctor] may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed . . .without running afoul of the constraints of Rules 26 and 37 of the Federal Rules of Civil Procedure.") (internal quotations and citations omitted); Sipes v. United States, 111 F.R.D. 59, 61 (S.D. Cal. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

Defendant argues that there is no basis to impose supervisor liability on her because she did not supervise plaintiff, Poma, Platt or Ake. Id. Defendant further argues that even if there were a basis for imposing such liability based on Poma's alleged harassment, such a claim would be barred by the statute of limitations. Id.

Plaintiff admits that Grime never acted as a supervisor to plaintiff, Poma, Grime, or Platt. PSGI ¶¶ 102-105. Therefore, the Court concludes that Grime cannot be held liable for the conduct of Poma, Platt, or Ake. Taylor, 880 F.2d at 1045; Bator, 39 F.3d at 1029.

### C.     Punitive Damages

Defendant argues that there is no basis for the imposition of punitive damages because plaintiff has not provided any evidence that defendant's conduct was malicious, wanton, or oppressive. Mot. at 14 (citing Smith v. Wade, 461 U.S. 30, 56 (1983)).

Plaintiff responds that "[g]iven the exhaustive analysis of the many facts on which Roper relies for liability against Grime and her connection of events in which Grime is involved (stonewalling of discipline of Poma while stonewalling Roper in her efforts to get back to work), there are sufficient facts to allow this issue to go to the jury." Opp'n at 19.

The Court concludes that defendant's motion should be denied. The Court cannot conclude on this record as a matter of law that defendant's conduct was not "malicious, wanton, or oppressive." Smith, 461 U.S. at 56.

### V.     CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion for summary judgment on plaintiff's First Amendment claim except to the extent that it relates to plaintiff's filing of DFEH complaints in 2004 and 2005.

The Court further GRANTS defendant's motion as to plaintiff's equal protection claim in so far as it pertains to Poma's conduct. However, the Court DENIES defendant's motion as to plaintiff's equal protection claim in so far is it pertains to defendant's conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

The Court further DENIES defendant's motion as to plaintiff's claim for punitive damages.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |