UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Joseph Lovretovich | Robert Petersen<br>Robert Murphy<br>Jed Silverstrom |

**Proceedings:** **DEFENDANT CITY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** (filed 03/23/09)

## I.  INTRODUCTION

Plaintiff Sarah Roper is employed by the City of Los Angeles Department of Water and Power (the "DWP" or the "City"). Second Amended Compl. ("SAC") ¶ 3. On October 25, 2007, plaintiff filed the operative SAC against defendants Keith Poma, Thomas Ake, Karen Grime, Raymond Jerry Platt, and the DWP. The SAC alleges claims for (1) violation of the First Amendment to the United States Constitution; (2) violation of the Fourteenth Amendment to the United States Constitution; (3) violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq. based on sexual harassment and failure to prevent sexual harassment; (4) violation of FEHA based on disability discrimination, failure to provide reasonable accommodation, and failure to engage in good faith, interactive process; and (5) Monell liability "because LADWP maintains a policy, practice, custom, and habit whereby supervisors are permitted to terminate and harass employees without cause in retaliation for complaining of discrimination, sexual harassment, government corruption, fraud, or waste or other issues of public interest." Except for plaintiff's second claim for violation of the Fourteenth Amendment, all of these claims are brought against the City.

On March 23, 2009, the City filed the instant motion for summary judgment. On April 21, 2009, plaintiff filed her opposition. On May 29, 2009, the City filed its reply. A hearing was held on June 22, 2009. After carefully considering the parties' arguments,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

the Court finds and concludes as follows.[1]

## II.  BACKGROUND

### A.  Plaintiff's Interaction with Poma

Plaintiff was employed by DWP as an Electric Station Operator Trainee in June 1981.  PSGI ¶¶ 1-2. In 1982, plaintiff became an Electric Station Operator ("ESO"), a permanent employee.  Id. ¶ 3.  Plaintiff has been employed as an ESO by DWP for more than twenty-six years. Pl.'s Dep. Vol. 1 at 10:24-11:16.

Plaintiff claims that Keith Poma, who is also employed at DWP as an ESO, sexually harassed her.  Pl.'s Dep. Vol. 1 at 50: 5-15.  Plaintiff and Poma were good friends, who first met at work in 1992, and engaged in various social activities together, including having lunch together four or five times a year from 1992 through January 1999, and in 2001.  Id. at 50-51, 53-55, 62, 75-78, 99-100, 101-102.  Plaintiff and Poma socialized at her home at least once a week, some years more, from approximately 1993 through sometime in 2004, excluding an 18 month period starting in approximately January 1999.  Id. at 51, 62-66.  Plaintiff and Poma were alone during these visits approximately 40% of the time and plaintiff often cooked dinner for Poma.  Id.  Plaintiff alleges that she received the first of seven unwanted kisses from Poma sometime in 1997 or 1998.  Plaintiff further alleges that Poma engaged in the following additional acts of harassment: (1) hugging while pressing his lower body against her to make "genital contact"; (2) approaching her, grabbing her below the shoulders with both hands and pulling her towards him; (3) calling her at home after she asked him not to; (4) going to her home after she asked him not to and remaining there after she asked him to leave; (5) driving through the parking lot of plaintiff's alcohol program; (6) threatening plaintiff while putting his hands in the shape of a gun; (7) manufacturing stories about plaintiff to

---

[1] The City has filed 21 evidentiary objections.  Objections 12-19 address plaintiff's deposition testimony, declarations, and responses to interrogatories.  The Court finds that plaintiff's assertions concerning what happened to her are relevant and do not constitute hearsay.  The Court cannot further resolve these evidentiary objections without making factual determinations that are for the trier of fact. The Court does not reach the balance of the City's evidentiary objections because they are unnecessary to decide this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

coerce other employees into filing grievances against her; (8) allegedly tying his work shirt together with her work shirt; (9) saying he's a "real good Bob"[2]; (10) providing her with too much information about his personal life, including that he had not slept with his wife for ten years and a graphic description of his genitals; (11) after plaintiff asked Poma why Ake, Platt, and Rodriguez, another manager, were mean to her unless she was nice to Poma, Poma responded "Well, that's because I'm special"; (12) in 2002, Poma said Johnny Cochran was going to be there for him; (13) after 2002, Poma scheduled himself to relieve plaintiff at work but twice did not arrive on time; (14) Poma was sent to relieve plaintiff on certain days after he was told to stay away from her; (15) Poma fabricated and/or insinuated that plaintiff might have committed a work error involving another utility; and (16) Poma commented that people thought he and plaintiff were married. Pl.'s Dep., Vol. 1 at 84-89, 90-93; Pl.'s Dep., Vol. 2 at 258-264; Pl.'s Answers to City's Interrogatories Nos. 9 at 10-14 and 11 at 14.

In ruling on the City's motion to dismiss on January 28, 2008, the Court held that the only alleged act of sexual harassment that is not time-barred is Poma's alleged conduct on December 22, 2004. January 28, 2008 Order at 12. At approximately 5:20 p.m. on December 22, 2004, after his shift had ended, plaintiff contends that Poma went to her home. Pl.'s Dep., Vol. 1 at 176:24-184:22, 185:2-11. Plaintiff contends that Poma rang the doorbell and knocked on the door. Id. Plaintiff further contends that she was sleeping, and woke up when she heard the doorbell ring. Id. Plaintiff asserts that she looked through the peephole, and between her window blinds to see who was at the door. Id. She allegedly saw the side of Poma's face as he was walking away and heard him speaking on his telephone. Id.

### B.    Plaintiff's Disability Claims

Plaintiff was absent from work from January 23, 2004, to July 25, 2005, during which time she claims she was on disability. Pl.'s Dep. Vol. 1 at 30-32. Plaintiff again left work on May 25, 2006, because she was physically unable to perform her job duties and had not returned as of the commencement of this action. Id. at 11-12. Plaintiff

---

[2] Poma allegedly told a group of employees, including plaintiff, that he was a "real good Bob," referring to a character in the "Vagina Monologues" as a way to convey his sexual prowess. PSGI ¶ 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

alleges that the City failed to engage in the interactive process with her in violation of FEHA because no one contacted her about returning to work with or without reasonable accommodation. Pl.'s Interrogatory Resp. No. 19 at 19.

### C. Plaintiff's Administrative Complaints

On October 14, 2004, plaintiff filed a complaint with the California Department of Fair Employment and Housing (the "DFEH"), alleging that from 1998 to November 7, 2003, Poma sexually harassed her. The DFEH issued a right-to-sue letter on plaintiff's October 14, 2004 charge of sexual harassment on October 14, 2005. However, plaintiff did not file a civil action within one year from the date the DFEH issued its right-to-sue letter, as required by FEHA. Consequently, the claims that were subject of the October 14, 2004 DFEH complaint were found by the Court to be time-barred. January 28, 2008 Order at 12.

Plaintiff then filed a second DFEH complaint on December 20, 2005, alleging that Poma subjected her to sexual harassment on December 22, 2004.[3] Id. ¶ 11. Plaintiff received a right-to-sue letter on her second DFEH complaint on January 11, 2006. Plaintiff filed the instant action on January 11, 2007.

Plaintiff then filed a third DFEH complaint on May 15, 2006, against the City for alleged discrimination based on disability, alleging that the most recent act of discrimination occurred on May 11, 2005. The third DFEH complaint charges

> "On May 11, 2005, I was denied reinstatement to my position of Electronic [sic] Station Operator. I was hired in June 1981. [] Mr. Jerry Platt, Manager-Substation Operations told me that there wasn't any work for me. [] I believe that I was denied reinstatement because of my disability. My belief is based on the following reason: [] A. I provided a release to work to Mr. Platt, Manager and he did not reinstate me to my position of Electronic [sic] Station Operator or Area Control Operator which was available at the time.

---

[3] The DFEH complaint alleges the following: "I believe that on or about . . . December 22, 2004 Respondent, Keith L. Poma. . . [s]ubjected me to sexual harassment." MSJ, Ex. D (Dec. 20, 2005 DFEH complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

This position was assigned to the former East Valley Operator on July 11, 2005. (I have had this problem repeatedly as I was released in March 2004, July 2004)."

DSUF; PSGI ¶ 88.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

**IV.    DISCUSSION**

    **A.    Sexual Harassment Claim**

In its January 28, 2008 order denying in part and granting in part the City's motion to dismiss, the Court held

> plaintiff's claim for sexual harassment against the City must arise out of defendant Poma's conduct on December 22, 2004 [the only conduct by Poma that is not time-barred]. . . .defendant Poma's actions on December 22, 2004, should not be considered in isolation, but in the context of his other allegedly harassing behavior. Accordingly, the Court concludes that Poma's actions on December 22, 2004, may constitute sexual harassment. Moreover, based on the record before it, the Court cannot determine whether defendant Poma was acting in a supervisory capacity when he went to plaintiff's home or whether he was acting within the scope of his employment.

January 28, 2008 Order at 12-13.  The City argues that it is entitled to summary judgment on plaintiff's claims because the December 22, 2004 incident (1) was not an act of harassment; (2) was not based on sex; (3) was not sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (4) did not involve workplace harassment prohibited by FEHA.  Mot. at 13.

    The City contends that Poma did not sexually harass plaintiff because "all that Poma allegedly did was go to Plaintiff's home, ring her doorbell and leave without interacting with Plaintiff in any way."  Mot. at 14.  The City argues that these actions cannot be viewed as sexual harassment.  Id. (citing Rieger v. Arnold, 104 Cal. App. 4th 451, 459 (2002)).  The City further argues that the alleged past acts of harassment are not relevant to the question of whether the December 22, 2004 incident constitutes sexual harassment.  The City contends that the December 22, 2004 incident was "so devoid of content that the [the alleged past acts of discrimination] do not provide any relevant evidence on the question."  Id. at 15.  The City argues that plaintiff does not know why Poma went to her home and "believes that he might have done so to make peace with her during the Christmas season."  Id.

    The City further contends that the December 22, 2004 incident was not sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

pervasive to create a hostile work environment. Mot. at 15. The City argues that the alleged past acts of discrimination are irrelevant and cannot be considered in conjunction with the December 22, 2004 incident because they must be treated as lawful for the purposes of this action. Id. at 16 (citing United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977)). The City further argues that even if the alleged past acts of discrimination could be considered, the December 22, 2004 incident was not sufficiently pervasive because plaintiff was not working from January 23, 2004, through July 25, 2005, and there were no other alleged acts of sexual harassment during that entire 18-month period. Id. at 17.

Moreover, the City contends that the December 22, 2004 incident did not involve the workplace because both Poma and plaintiff were off duty at the time of the incident. Mot. at 17. The City argues that plaintiff had been off work for approximately eleven months at the time of the incident. Id. The City further argues that plaintiff "has admitted that Poma was never acting as [her] supervisor and any alleged acts of harassment or retaliation by Poma were not performed within the course and scope of his employment." Id. Additionally, the City argues that whether it ordered Poma not to go to plaintiff's home is immaterial to the issue of whether Poma's alleged conduct was "either within the scope of his employment if he was not acting as a supervisor, or was engaged in while he was in fact acting in the capacity of a supervisor." Id. at 18 (citing Capitol City Foods, Inc. v. Superior Court, 5 Cal. App. 4th 1042, 1046 (1992)).

Plaintiff responds that the City has not presented any new law or facts to support a change in the Court's July 21, 2008 Order denying Poma's motion for summary judgment on plaintiff's FEHA claim for sexual harassment. Opp'n at 2-3. Plaintiff argues that Poma violated a directive from the City's EEO office, issued four months prior to the December 22, 2004 incident, which instructed Poma not to call plaintiff at home or go to plaintiff's apartment. Id. at 3. Plaintiff further contends that because Grime, Platt, and Ake would not transfer either Poma or plaintiff during the investigation of plaintiff's complaint against Poma, plaintiff "felt she had no alternative but to go out on disability, which she did in January 2004." Id.

Plaintiff further responds that her third claim is for both sexual and retaliatory harassment. Mot. at 5. Plaintiff contends that a jury could find that the retaliatory harassment was part of a continuous effort to harass her and that such harassment constituted a "continuing violation." Mot. at 7-8. Plaintiff argues that she is "entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

present all the harassment she as subjected to by Poma, not just the sexual advances." Id. at 8.

     FEHA makes it an unlawful employment practice for an employer to harass an employee because of sex. Cal. Govt. Code, § 12940; Capitol City Foods, Inc. v. Superior Court, 5 Cal. App. 4th 1042, 1047 (1992). An employer includes anyone acting as an agent of the employer, directly or indirectly. Id. Harassment by an employee, other than a supervisor or an agent, is unlawful only if the employer or agent knows or should know of the conduct and fails to take immediate corrective action. Id. An employer is liable for harassment by supervisors, managers or agents committed within the scope of employment. Id.

     In its January 28, 2008 Order denying the City's motion to dismiss, the Court held that "Poma's actions on December 22, 2004, may constitute sexual harassment . . . . based on the record before it, the Court cannot determine whether defendant Poma was acting in a supervisory capacity when he went to plaintiff's home or whether he was acting within the scope of his employment." January 28, 2008 Order at 13. The Court concludes, as it did in its July 21, 2008 Order, that a disputed question of material fact exists as to whether Poma's conduct constitutes sexual harassment.[4] July 21, 2008 Order at 7 ("the Court finds that the evidence gives rise to a disputed question of material fact as to whether Poma's conduct can constitute sexual harassment."). Furthermore, the Court concludes that a disputed question of fact as to whether Poma was acting within the scope of his employment when he went to Poma's home on December 22, 2004.[5] Therefore, the

---

     [4] At oral argument, defense counsel argued that the Court could not consider any action prior to December 22, 2004, in determining whether Poma's actions constitute sexual harassment. However, the Court may consider the totality of Poma's actions because his actions prior to December 22, 2004, provide "relevant background evidence." Evans, 431 U.S. at 558.

     [5] At oral argument, defense counsel argued that plaintiff has admitted that Poma was not her supervisor. However, plaintiff asserts that although Poma was not her formal supervisor, he "was made temporary superintendent for several years and served as her lead or pusher from time to time." PSGI ¶ 69. Plaintiff further asserts that Poma worked as her scheduler "at least 25 times over the years." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

City's motion for summary judgment on plaintiff's sexual harassment claim should be denied.

### B. Failure to Prevent Harassment

The City contends that it is entitled to summary judgment on plaintiff's claim for failure to prevent harassment. Mot. at 18. The City argues that the December 22, 2004 incident is the only relevant allegation of sexual harassment and that the incident did not constitute workplace sexual harassment against plaintiff. Id. The City contends that plaintiff has not alleged that Poma harassed her subsequent to the December 22, 2004 incident and that she therefore cannot maintain a claim for failure to prevent harassment. Id.

The City further argues that plaintiff has failed to exhaust her administrative remedies for this claim because her second DFEH complaint did not make any assertion that the City failed to take reasonable steps to prevent the December 22, 2004 incident. Mot. at 19 (citing Johnson v. City of Loma Linda, 24 Cal. 4th 61, 70 (2000)). The City contends that the Court should not allow this claim on the grounds that it is "like or reasonably related to" the content of her second DFEH complaint because plaintiff requested an immediate "right to sue" letter from the DFEH and the DFEH did not conduct an investigation at plaintiff's request. Id. at 19-20. The City further contends that if the court applies the "like or reasonably related test," plaintiff cannot meet its requirements. Id. at 20 (citing Freeman v. Oakland Unified School Dist., 291 F.3d 632, 636 (9th Cir. 2002)). The City argues that plaintiff's second DFEH complaint mentions the December 22, 2004 incident in a "conclusory fashion" and "does not describe the alleged sexual harassment or provide anything that would have led the DFEH to investigate a charge that the City failed to prevent the alleged harassment." Id. at 21.

Plaintiff argues that if Ake, Platt, and the City had immediately transferred Poma in 2002 after an investigation by Gabriella Kennedy or adopted the recommendations contained in Renette Anderson's August 2004 report, Poma "would never have dared show up" at plaintiff's home on December 22, 2004. Opp'n at 8.

The Court concludes that defendant's motion for summary judgment as to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

plaintiff's claim for failure to prevent sexual harassment should be denied. As discussed supra, a disputed question of material fact exists as to whether Poma's conduct constitutes sexual harassment. Furthermore, the Court concludes, as it did in its January 28, 2008 Order denying defendant's motion to dismiss, that "[p]laintiff's December 22, 2005 DFEH complaint . . . encompasses the City's alleged failure to prevent sexual harassment." December 22, 2005 Order at 9. Therefore, the Court cannot conclude that plaintiff failed to exhaust her administrative remedies and the City's motion as to this claim should be denied.

### C. Failure to Engage in the Interactive Process or Accommodate

The City argues that plaintiff cannot maintain an action for failure to engage in the interactive process and/or accommodate her purported disability during her second absence commencing on May 25, 2006, because she failed to exhaust her administrative remedies. Mot. at 25. The City contends that plaintiff's third DFEH complaint only pertained to her first absence from January 23, 2004 to July 25, 2005. Id. The City further contends that even if plaintiff had exhausted her administrative remedies, she testified during her deposition on February 8, 2008, that at no time since May 25, 2006, had her doctor released her to return to work. Id. Moreover, the City argues that plaintiff will be unable to rely on expert testimony to show that she was entitled to an accommodation because she has failed to identify any expert witnesses before the cut-off date. Id. at 26 (citing Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1028 (9th Cir. 2003)).

Plaintiff responds that her counsel should have alleged that the failure to engage in the interactive process related to her return from disability leave in 2005.[6] Opp'n at 9. Plaintiff further argues that defendant had knowledge of the identities of plaintiff's treating physician and therapist because they were named in her initial disclosure as well as in answers to interrogatories. Id. Plaintiff argues that she does not have to provide an expert witness report for treating doctor so long as she does not "get into future payments, prognosis and treatment." Id.

---

[6] Plaintiff concedes that she cannot maintain a claim for failure to engage in the interactive process related to her return in 2008 from disability leave she took in 2006. Opp'n at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

The City responds that plaintiff has alleged no facts to support her claim for failure to engage in the interactive process related to her return from disability leave in 2005. Reply at 17. Therefore, the City argues, plaintiff's claim "suffers from a failure of evidence as well as defective pleading." Id. The City further argues that if plaintiff's treating physician testifies that she had a covered disability, such an opinion would be expert testimony and would require her treating physician to be designated as an expert. Id. at 18 (citing Musser v. Gentiva Health Services, 356 F.3d 751, 756-58 (7th Cir. 2004)). The City contends that the inclusion of plaintiff's doctors in plaintiff's initial disclosure of fact witnesses or in interrogatory responses cannot take the place of an expert witness designation. Id. at 19.

The Court concludes that the City is not entitled to summary judgment on plaintiff's claim for failure to engage in the interactive process or accommodate. Plaintiff concedes that she cannot maintain a claim for failure to engage in the interactive process related to her return in 2008 from disability leave she took in 2006. Plaintiff further concedes that the SAC does not allege that the City's alleged failure to engage in the interactive process related to her return from disability leave in 2005, but argues that it "should have." However, if plaintiff can establish, through the testimony of her treating physician, that she suffered a covered disability, she has raised a genuine issue of fact as to whether the City failed to engage in the interactive process or accommodate with regard to her disability leave in 2005.[7] Therefore, the Court concludes that the City's motion as to plaintiff's claim for failure to engage in the interactive process or accommodate should be denied.

    **D.**    **Section 1983 and First Amendment Claims**

---

[7] Furthermore, plaintiff's failure to designate a physician as an expert witness does not preclude her treating physician from demonstrating that she suffered from a covered disability, so long as the treating physician does not testify regarding future payments, prognosis and treatment. Bynum v. MVM, Inc., 241 F.R.D. 52, 53 (D.D.C. 2007) ("As a treating physician, [the doctor] may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed . . .without running afoul of the constraints of Rules 26 and 37 of the Federal Rules of Civil Procedure.") (internal quotations and citations omitted); Sipes v. United States, 111 F.R.D. 59, 61 (S.D. Cal. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

The City argues that government liability under § 1983 cannot be based on respondeat superior and plaintiff has not put forth any facts demonstrating Monell liability. Mot. at 26 (citing Monell v. Department of Social Services, 436 U.S. 658 (1978)).

Plaintiff responds that "there is a pattern and practice of retaliation against those who speak out against or oppose discrimination, waste, fraud, corruption." Opp'n at 10. Plaintiff further argues that she has provided the names of witnesses who would help to prove the Monell violation through pattern and practice. Id.

The Court concludes that the City is entitled to summary judgment on plaintiff's First Amendment and 1983 claims. Plaintiff has not provided any evidence to support its claim that the City has a "pattern and practice of retaliation against those who speak out against or oppose discrimination, waste, fraud, corruption." Providing the names of witnesses who would help establish a pattern or practice of violations is insufficient to survive a motion for summary judgment. See Celotex Corp., 477 U.S. at 324.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES the City's motion for summary judgment as to (1) plaintiff's sexual harassment claim; (2) plaintiff's failure to prevent sexual harassment claim; and (3) plaintiff's claim for failure to engage in the interactive process.

The Court further GRANTS the City's motion for summary judgment as to plaintiff's First Amendment and Section 1983 claims.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |