UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | | Date | March 11, 2010 |
|---|---|---|---|---|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1))** (filed 3/9/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 5, 2010, is hereby vacated, and the matter is hereby taken under submission.

The facts and procedural history of the instant action are known to the parties and summarized in this Court's June 22, 2009 order granting in part and denying in part the City of Los Angeles's motion for summary judgment.[1]

On March 8, 2010, the City of Los Angeles (the "City") filed the instant motion to dismiss it from this action, on the grounds that the Court does not have supplemental jurisdiction over the state claims, including a California Fair Employment and Housing Act ("FEHA") claims, alleged against it because those claims are not part of the same case or controversy alleged in the 42 U.S.C. § 1983 claims alleged against other defendants herein. In the alternative, in the event that the Court determines that it has supplemental jurisdiction over the state claims, the City moves the Court to exercise its discretion to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1357(c)(4) to

---

[1] Specifically, in the June 22, 2009 order, the Court denied the City's motion for summary judgment as to (1) plaintiff's sexual harassment claim; (3) plaintiff's failure to prevent sexual harassment claim; and (3) plaintiff's claim for failure to engage in the interactive process. The Court granted the City's motion for summary judgment as to plaintiff's First Amendment and Section 1983 claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | March 11, 2010 |
|----------|-------------------|------|----------------|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

prevent jury confusion.

A federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. See 28 U.S.C. § 1367; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988). However, supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right. City of Chicago v. International College of Surgeons, 522 U.S. 156, 172 (1997). As such a federal court should consider and weigh in each case the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. See Executive Software No. America, Inc. v. United States Dist. Ct., 24 F.3d 1545, 1552-55 (9th Cir. 1994). The fact that the court dismisses a federal claim prior to trial does not automatically oust the court of supplemental jurisdiction — the dismissal is a factor for the court to consider in deciding whether to decline its supplemental jurisdiction, but it has the discretion to retain supplemental state law claim and grant relief thereon. See United Mine Workers v. Gibbs, 383 U.S. 715, 728 (1966); Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995).

The City contends that the Court does not have supplemental jurisdiction because "the state and federal claims do not arise from a common nucleus of operative facts." Mot. at 17. The City argues that the state claims involve whether the alleged visit by defendant Poma on November 22, 2004, was an act of sexual harassment by Poma, and, if so, whether the City failed to take reasonable steps to prevent it from occurring. It argues "the § 1983 claim, in contrast, involves many additional claims of sexual harassment spanning several years and pertains not to the alleged acts of sexual harassment themselves, but to whether the § 1983 defendants, acting in their individual capacity, either directed Poma to engage in those acts of set in motion a series of acts by Poma that they knew would cause Poma to commit them." Id. (citing Valles v. Pima County, 642 F. Supp. 2d 936 (D. Az. 2009)). Moreover, the City contends that, even if supplemental jurisdiction exists the Court should use its discretion to decline jurisdiction to avoid jury confusion under § 1367(c)(4). Id. at 21.

The Court finds that the state claims against the City and the federal claims against the § 1983 defendants do arise from a common nucleus of operative fact. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-316 CAS(Ex) | Date | March 11, 2010 |
|----------|-------------------|------|----------------|
| Title | SARAH ROPER v. KEITH POMA; ET AL. | | |

further concludes, that in the interests of judicial economy and given that the instant motion was filed 15 days before trial, that it will not exercise its discretion to decline jurisdiction.

In accordance with the foregoing, the Court DENIES the City's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |